

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F.#2009R00195

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

March 16, 2010

**Via ECF**

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  United States v. Edward Garofalo, Jr.
     Criminal Docket No. 10-0147 (SLT)

Dear Judge Townes:

  By this letter, the government appeals the March 12, 2010 order of the Honorable Steven M. Gold, Chief Magistrate Judge, releasing the defendant Edward Garofalo, Jr. – over the objection of the government – on a $3 million bond, secured by property having an aggregate equity value of approximately $3 million with the special condition of home confinement and electronic monitoring, except for medical emergencies.  (United States v. Edward Garofalo, Jr., 10-cr-0147, Transcript of Detention Hearing at 11-12 (March 12, 2010)(Attached hereto as Exhibit A)).  The Honorable Judge Andrew L. Carter, Magistrate Judge, stayed Judge Gold's ruling until such time as Your Honor resolves this appeal.

  As set forth in the March 9, 2010 Memorandum of Law in Support of the Government's Motion for Permanent Orders of Detention (attached hereto as Exhibit B), and the government's March 12, 2010 letter to Judge Gold (attached hereto as exhibit C), the government's motion is based on extensive evidence that Garofalo, Jr. is an associate of the Colombo crime family who has repeatedly engaged in acts of violence to further the goals of the Colombo crime family.  In denying the government's motion for a permanent order of detention, Judge Gold relied on (1) the fact that Garofalo, Jr. has no prior convictions for crimes involving physical violence, and (2) Garofalo, Jr.'s "midlevel rather than leadership role" in the Colombo family.  As discussed below and in the government's prior submissions, these conclusions are not dispositive in this case as to whether Garofalo, Jr. poses a danger to the community.  Moreover, Judge Gold appears to have

weighed the fact that the defendant's proposed bail package was "very substantial" against the government's evidence that the defendant poses a danger to the community, in effect discounting the government's proffered evidence of dangerousness. Accordingly, the government respectfully requests that the Court enter a permanent order of detention against Garofalo, Jr.

The district court reviews the Magistrate Judge's determination of release or detention de novo. United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).

As part of the racketeering conspiracy with which Garofalo, Jr. is charged in this case, he is charged with predicate acts of attempted extortion and conspiracy to commit extortion, which are crimes of violence under the Bail Reform Act, 18 U.S.C. § 3156(a)(4)(A). Gov't's March 9, 2010 Mem. at 26-27.

The evidence indicates that the defendant has also committed numerous uncharged acts of violence, both alone and together with others, and has boasted about his violent acts. For example, on May 25, 2004, Garofalo, Jr. was consensually recorded meeting with Theodore Persico, Jr. (at the time a made member of the Colombo family and, as of 2009, a member of the Colombo family administration) and a cooperating witness ("CW 1"), with the goal of seeking permission to kill an associate of a Colombo family soldier. On that recording, during a discussion of the gun that Persico, Jr. was carrying, Garofalo, Jr. gave advice as to who should "clean" the bullets of fingerprints. Id. at 22. Garofalo, Jr. told a different cooperating witness ("CW 2") that he participated in numerous assaults between approximately 2003 and 2005, including beatings of employees of a Colombo-controlled trucking company that Garofalo, Jr. invested in and managed. Id. at 27-28. CW 2 also observed the defendant punch a truck driver who had blown his horn at Garofalo, Jr. in the face. CW 2 later heard Garofalo, Jr. boast that, after he had assaulted the driver, he and Persico, Jr. visited the victim's boss and instructed him to threaten this driver not to report the assault to law enforcement. Such obstruction may help explain why Garofalo, Jr. lacks prior convictions for crimes of violence.

In addition to the crimes of violence charged in this case and the evidence relating to the defendant's uncharged violent acts, the government has proffered evidence that Garofalo, Jr. is an influential Colombo family associate. Patrick Bombino, a trusted Colombo associate with close ties to Persico, Jr., told CW 2 that Garofalo, Jr. "did a couple nice

things during the war" which the Persicos consider "an honor, so to speak." CW 2 understood the reference to "nice things during the war" and "an honor" to refer to murders that Garofalo, Jr. committed on behalf of the Persico faction during an internecine Colombo family war in the early 1990s. Gov't's March 12, 2010 Ltr. at 1. This information was later confirmed to CW 2 by Patrick Bombino's brother, the defendant James C. Bombino. Id. at 2.

In denying the government's motion for a permanent order of detention, Judge Gold stated that, in contrast to the cases cited by the government, in this case "Mr. Garofalo doesn't – has not achieved such a commanding stature within organized crime." March 12, 2010 Detention Hearing Transcript at 11. Judge Gold went on to observe that, "as I understand the Government's of [sic] tape . . . [Garofalo, Jr. was] meeting with Persico, Jr. to get Persico, Jr.'s permission to ask Persico, Sr. to hurt somebody else, and that suggests a midlevel rather than leadership role to me."[1] Id. The government respectfully submits that Judge Gold discounted the debt owed to Garofalo, Jr. by the Persico faction of the Colombo family, a debt which suggests that Garofalo, Jr. has greater influence than is otherwise suggested by his rank in organized crime. While many of the cases cited by the government address the risk posed by high-ranking organized crime members, that risk results, in part, from their ability to influence other organized crime members and associates to commit violence or obstruction on their behalf. It is a fair inference from the evidence proffered by the government that Garofalo, Jr.'s acts "of honor" during the Colombo war created a debt owed to him by the powerful Persico faction of the Colombo family.

By weighing the proposed bail package against the evidence of dangerousness, Judge Gold has not followed the guidance of the Second Circuit, which has held that bail conditions such as home confinement and electronic monitoring are inadequate safeguards against defendants deemed dangerous for purposes of the Bail Reform Act because they easily can be circumvented. See United States v. Millan, 4 F.3d 1039, 1049 (2d Cir. 1993) ("Home detention and electronic monitoring at best elaborately replicate a detention facility without the confidence

---

[1] This was apparently a reference to the May 25, 2004 incident involving Garofalo, Jr., Persico, Jr. and CW 1, in which Garofalo, Jr. and Persico, Jr. were seeking permission from Colombo family soldier Craig Marino to kill one of Marino's associates.

3

of security such a facility instills.  If the government does not provide staff to monitor compliance extensively, protection of the community would be left largely to the word of [the defendants] that they will obey the conditions.")(internal quotation marks and citations omitted); United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993) ("electronic surveillance systems can be circumvented by the wonders of science and of sophisticated electronic technology") (internal quotation marks and citations omitted).

Similarly, courts in this district have denied dangerous defendants bail in recognition of the Second Circuit's dim view of the effectiveness of home detention and electronic monitoring.  See, e.g., United States v. Cantarella, 2002 WL 31946862, *3-4 (E.D.N.Y. 2002)(Garaufis, J.)(adopting "principle" of "den[ying] bail to 'dangerous' defendants despite the availability of home detention and electronic surveillance and notwithstanding the value of a defendant's proposed bail package"); United States v. Agnello, 101 F. Supp. 2d 108, 116 (E.D.N.Y. 2000) (Gershon, J.) ("the protection of the community provided by the proposed home detention remains inferior to that provided by confinement in a detention facility"); United States v. Masotto, 811 F. Supp. 878, 884 (E.D.N.Y. 1993)(rejecting bail because "the Second Circuit appears to be saying to us that in the case of 'dangerous defendants' the Bail Reform Act does not contemplate the type of conditions suggested by this Court [including home confinement and electronic monitoring] and that, even if it did, the conditions would not protect the public or the community, given the ease with which many of them may be circumvented").

The assumption criticized as faulty in the above cases – and that appears to have been followed by Judge Gold – is that home confinement and electronic monitoring are adequate safeguards against dangerous defendants.  In Orena, 986 F.2d at 632-33, the Second Circuit explained why no such safeguard is possible:

> Safety of the community will be assured only if the government provides trustworthy, trained staff to carry out the extensive monitoring of homes, telephones, and travel that would be necessary to ensure compliance with the conditions of bail.  If staff were not provided, protection of the community would be left largely to the word of [the defendant] that he will obey the conditions. We find nothing in the Bail Reform Act that

4

>    requires the government to staff home
>    detention centers or allow dangerous
>    defendants to be at large based upon their
>    promise not to violate conditions of bail.

For all of the foregoing reasons, the Court should vacate Judge Gold's order of release and enter a permanent order of detention as to the defendant Edward Garofalo, Jr.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By: _____/s/_____
Michael Tremonte
Assistant U.S. Attorney
(718) 254-6389

cc:   Jean Marie Graziano, Esq. (via ECF)