

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB:MT

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

March 23, 2010

**BY HAND DELIVERY AND ECF**

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:  United States v. James Bombino, et al.
          Criminal Docket No. 10-147 (SLT)

Dear Judge Townes:

    The government respectfully submits this letter to the Court to request that the Court conduct an appropriate inquiry, pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982), with respect to defendants Theodore Persico, Jr., Edward Garofalo, Jr. and Alicia DiMichele at the upcoming court appearance, scheduled for Wednesday, March 24, 2010 at 10:00 a.m.

I.    Edward Garofalo, Jr. and Alicia DiMichele

    At their arraignment, defendants Garofalo and DiMichele, who are married to each other, were both represented by Jean Marie Graziano, Esq.  To the extent that Ms. Graziano is continuing her representation of both defendants, the government respectfully requests, pursuant to Rule 44 and to Curcio, that the Court (1) advise the defendants of the dangers arising from joint representation in this case, (2) inform them of their right to conflict-free representation, and (3) determine whether the defendants understand the risks of joint representation and freely choose to run them.  See Curcio, 680 F.2d at 888-90; United States v. Fan, 36 F.3d 240, 247-48 (2d Cir. 1994).  If the defendants continue to wish to be represented by the same counsel, and the Court determines that they may waive their right to conflict-free representation, the government asks that the Court appoint independent counsel to advise the defendants of the conflict issues and to obtain the appropriate waiver.

II.  Theodore Persico, Jr.

The government also respectfully notifies the Court, pursuant to Curcio and its progeny, of a conflict of interest on the part of Joseph R. Corozzo, Esq., defense counsel to Theodore Persico, Jr.  During the pendency of Persico, Jr.'s 2005 case, Persico, Jr. was indicted for conspiring to tamper with a witness and with witness tampering resulting from his and his defense team's efforts to tamper with an extortion victim by attempting to corruptly persuade that victim to sign an affidavit falsely alleging that he had never been threatened by Persico, Jr. or his co-defendants.  Following Persico, Jr.'s May 2005 arrest on racketeering and extortion charges, Patrick Bombino (the brother of defendant James Bombino), as a private investigator, made contact with one of the victims in the case.  Without debriefing that victim about what occurred in relation to the then-charged extortionate collection of credit, Bombino asked the victim to sign an affidavit on Persico, Jr.'s behalf stating that none of the defendants in that case had threatened him.  Mr. Corozzo attached affidavits, including the false affidavit referenced above, from the victims in the 2005 case in his August 10, 2005 opposition to the government's motion for a permanent order of detention in the 2005 case.  In its August 24, 2005 filing that addressed the witness tampering allegation in Persico, Jr.'s prior case (attached hereto as Exhibit A), the government also alleged that Mr. Corozzo had sent a misleading letter to the government indicating that two witnesses wished to be contacted only through their respective attorneys, and that the government had confirmed with one of those witnesses and his attorney that such a representation was false.

In light of the above and the resulting specter that Mr. Corozzo may appear to have been involved in such conduct, the government respectfully requests the Court to conduct an inquiry pursuant to Curcio into this conflict of interest.  If the Court concludes that the conflict is waivable, the government requests that the Court appoint an independent counsel to advise Persico, Jr. regarding the conflict issues.  Further, the government requests that the Court make appropriate inquiries of Persico, Jr. as required by United States v. Levy, 25 F.3d 146, 152 (2d Cir. 1994), and that the Court engage in a Curcio hearing to determine whether Persico, Jr. wishes to knowingly and voluntarily waive his right to conflict-free counsel.

When a district court has been informed of the possibility of a defense counsel's conflict of interest, it has a threshold obligation to "investigate the facts and details of the attorney's interests to determine whether the attorney in fact

suffers from an actual conflict, a potential conflict, or no genuine conflict at all." Levy, 25 F.3d at 153.[1] If the district court determines that the defense counsel has actual or potential conflict, the court has a "disqualification/waiver obligation" to determine whether the conflict is so severe as to obligate the court to disqualify the attorney or a lesser conflict that can be waived in a Curcio hearing." United States v. Kliti, 156 F.3d 150, 153 (2d Cir. 1998). A district court "must be allowed substantial latitude in refusing waivers of conflicts of interest . . . where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Wheat v. United States, 486 U.S. 153, 163 (1988).

---

[1] The Second Circuit groups conflicts of interest into three categories. United States v. Williams, 372 F.3d 96, 102 (2d Cir. 2004). "The first category describes those conflicts that are so severe that they are deemed *per se* violations of the Sixth Amendment. Such violations are unwaivable and [on appeal] do not require a showing that the defendant was prejudiced by his representation." Id. *Per se* conflicts of interest occur "only where trial counsel is not authorized to practice law and where trial counsel is implicated in 'the same or closely related criminal conduct' for which the defendant is on trial." Id. at 103 (quoting United States v. Fulton, 5 F.3d 605, 611 (2d Cir. 1993)). The other two categories of conflicts address actual and potential conflicts of interest. "An attorney has an actual . . . conflict of interest when, during the course of the representation, the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action." United States v. Perez, 325 F.3d 115, 152 (2d Cir. 2003). A potential conflict of interest exists where "the interests of the defendant may place the attorney under inconsistent duties at some time in the future." Id.

4

      Accordingly, for the reasons stated above, the government respectfully requests that the Court conduct an appropriate inquiry, pursuant to <u>United States v. Curcio</u>, 680 F.2d 881, 888-90 (2d Cir. 1982), with respect to defendants Theodore Persico, Jr., Edward Garofalo, Jr. and Alicia DiMichele.

                                      Respectfully submitted,

                                      BENTON J. CAMPBELL
                                      UNITED STATES ATTORNEY

                    By:        /s/
                         Amy Busa
                         Michael Tremonte
                         Assistant U.S. Attorneys
                         (718) 254-6274/6389

cc:  Defense Counsel (by ECF)