# Steve Zissou & Associates
## Attorneys at Law
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361

Office   (718) 279-4500
Facsimile (718) 281-0850

Email: stevezissou@verizon.net

October 13, 2011

Honorable Sandra L. Townes
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   *United States v. Bombino, et al.*
              10 Cr 147 (SLT)

Dear Judge Townes:

      For the reasons set forth below, I write on behalf of my own client, Edward Garofalo, to request reconsideration of a court order dated October 12, 2011, rejecting our letter motion of September 13, 2011 submitted in support of Alicia DiMichele's motion for a separate trial. The Court rejected my letter/motion, on the ground that I represented a different defendant in this case.

      Following my receipt of this Court's order, I reviewed my own submission in this matter and realized that I had failed completely to inform the Court that I was joining in Ms. DiMichele's motion on behalf of my own client, Edward Garofalo. I made the decision to join on Garofalo's behalf for reasons that I believed then and believe now were legally appropriate, namely, that Mr. Garofalo's trial defense would be greatly enhanced if his wife and codefendant, DiMichele, were to be granted a separate trial.

      Without going into Mr. Garofalo's trial strategy in any more detail than is necessary, it was apparent to me that Garofalo's ability to advance an aggressive defense might well be impaired if he was tried along side his wife and the mother of his 3 young children. In addition these generic concerns, Garofalo has also agreed to testify on his wife's behalf. And although he has made it clear in his own *Finkelstein* affidavit that he would do so at a joint *or* a separate trial, doing so at a joint trial would, of course, be infinitely more complicated for his own defense than at a separate trial.

      Based upon my analysis of these and other circumstances related to defending my own client, I came to the conclusion that it was not simply reasonable and necessary for me to join in DiMichele's motion, it was also my ethical duty to do so in order to protect Garofalo's trial rights and to provide him with the effective assistance of counsel.

Accordingly, I respectfully request that the Court reconsider its October 12, 2011, order and permit consideration of my September 13, 2011 letter. I deeply regret that I did not make it clear in my submission that I was joining on Garofalo's behalf and I apologize to the Court for any inconvenience that this omission may have caused.

Thank you very much for your consideration in this matter.

Respectfully submitted,

*Steve Zissou*

Steve Zissou

cc: all counsel by ecf